1  Ekwan E. Rhow - State Bar No. 174604
        eer@birdmarella.com
2  Karis A. Chi - State Bar No. 225778
        kac@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT,
        NESSIM, DROOKS & LINCENBERG, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
7  Attorneys for Defendant Human Biostar,
   Inc.
8

9              **UNITED STATES DISTRICT COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  BEN HANG LEE, an individual ; EUN       CASE NO. CV12 05668 MWF MRW
    JOO LEE, an individual; WILLIAM
13  LEE, an individual; JUNE HUI LEE,
    an individual; BRAD LEE, an            **NOTICE OF REMOVAL OF**
14  individual; HELEN JU LEE, an           **ACTION**
    individual,
15
16            Plaintiffs,                   Action Filed:  May 21, 2012

17       vs.                                Court:  Superior Court of California
                                                    Los Angeles County
18  HUMAN BIOSTAR, INC., a
    California corporation, formerly       Case No:  BC 485103
19  known as RNL Life Science, Inc.;
    RNL BIO CO., LTD, a Korean
20  corporation; JIN HAN HONG, an
    individual; JEONG CHAN RA, an
21  individual; and DOES 1 through 20,
    inclusive, ,
22
              Defendants.
23

24  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and

26  1446, defendant Human Biostar, Inc. ("Defendant") hereby removes to this Court

27  the state action described below from the Superior Court of California, Los Angeles

28  County, on grounds of diversity.

2888881.1

1.     State Action: On May 21, 2012, plaintiffs Ben Hang Lee, Eun Joo Lee, William Lee, June Hui Lee, Brad Lee and Helen Ju Lee (collectively, "Plaintiffs") filed an action in the Superior Court of the State of California, County of Los Angeles, entitled *Lee, et al., v. Human Biostar, Inc., et al.*, Case No. BC 485103. A copy of the Complaint is attached hereto as Exhibit A.

2.     Timely Removal: This Notice of Removal is filed within 30 days of service of process on a named defendant. Plaintiffs substitute served Defendant pursuant to California Code of Civil Procedure section 415.20(a) by leaving with "Jane Doe" on May 31, 2012 and then mailing on June 8, 2012 copies of the following: (a) Complaint, attached hereto as Exhibit A; (b) Summons, attached hereto as Exhibit B; and (c) miscellaneous informational material and forms for the Superior Court, attached hereto as Exhibit C. *See* Proof of Service, attached hereto as Exhibit D. Service is deemed complete on June 18, 2012. Ca. Code Civ. Proc. § 415.20(a). On or about May 29, 2012, the Los Angeles Superior Court issued a Notice of Case Management Conference, attached hereto as Exhibit E.

3.     No Joinder Required: As of the date of this Notice of Removal, Human Biostar, Inc. is the only named defendant that has been properly served. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding that defendants who were not properly served were not required to join in petition for removal).

4.     Venue: The United States District Court for the Central District of California, Western Division, is the District Court of the United States for the district and division within which the state court action was filed and is pending.

5.     Diversity Jurisdiction. This Court has original jurisdiction over this action under 28 U.S.C. §1332 in that there is complete diversity of citizenship between plaintiffs and defendants, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.     Citizenship of Plaintiffs. Plaintiffs are citizens of the state of California. *See* Exh. A, ¶¶ 1-6.

7.     Citizenship of Defendants.  Defendant Human Biostar, Inc. is a Texas Corporation with its principal place of business in Texas.  *See* Declaration of Jin Han Hong, attached hereto as Exhibit F, ¶ 2.

Defendant RNL Bio Co., Ltd. is a South Korean Corporation with its principal place of business in Seoul, South Korea.  *See* Declaration of Jeong Chan Ra, attached hereto as Exhibit G, ¶ 2.

Defendant Jin Han Hong is a lawful permanent resident of the United States, and resides in the state of Maryland with the intention to remain there.  *See* Exh. F, ¶ 3.

Defendant Jeong Chan Ra is a citizen of South Korea.  *See* Exh. G, ¶ 3.

The Complaint refers to possible Doe defendants, Nos. 1-20.  Exh. A, ¶ 14. No actual person, corporate or individual, has been served under these fictitious designations with any pleading, order, or process of any kind in this action.  No Doe defendant is identified as a citizen of California.  The Doe defendants are not actual parties to this action, but are merely nominal, formal or nonexistent.  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the Doe defendants must be disregarded for purposes of removal.

8.     Amount in Controversy.  The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Plaintiffs seek restitution of alleged payments to Defendant of $75,000, in addition to damages for physical ailments, disgorgement of profits, contractual attorney's fees and punitive damages. Exh. A, ¶¶ 39-44, 56-57, 62-63, 67-68, 72-73.

9.     No Waiver: Defendant does not waive any defenses or objections concerning personal jurisdiction or venue (pursuant to a valid and enforceable forum selection clause), or otherwise by the filing of this Notice of Removal.

10.    Notice: Promptly after filing this Notice of Removal, Defendant will provide notice to Plaintiffs' counsel and to the Superior Court of California as required by 28 U.S.C. § 1446(d).

1    For the reasons stated above, this Court has diversity jurisdiction pursuant to

2  28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. §§ 1441 and

3  1446.

4    Wherefore, Defendant Human Biostar, Inc. hereby gives notice that the above

5  action, now pending in the Superior Court of the State of California, County of Los

6  Angeles, is removed in its entirety to this Court.

7

8  DATED:  June 29, 2012          Respectfully submitted,

9

10                               Ekwan E. Rhow
                                 Karis A. Chi
11                               BIRD, MARELLA, BOXER, WOLPERT,
                                      NESSIM, DROOKS & LINCENBERG, P.C.
12

13

14                               By: _____
                                          Karis A. Chi
15                                    Attorneys for Defendant Human Biostar,
16                                    Inc.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SANG I. LEE, Esq. - SBN 201874
LAW OFFICES OF SANG I. LEE
8383 Wilshire Blvd, Suite 510
Beverly Hills, CA 90211
(323) 653-6817 (Telephone)
(323) 653-6715 (Telefax)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 2 1 2012

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Rigoria Aldano

Attorney for Plaintiffs
BEN HANG LEE; EUN JOO LEE; WILLIAM LEE;
JUNG HUI LEE; BRAD LEE; HELEN JU LEE

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| BEN HANG LEE, an individual; EUN JOO LEE, an individual; WILLIAM LEE, an individual; JUNG HUI LEE, an individual; BRAD LEE, an individual; HELEN JU LEE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HUMAN BIOSTAR, INC., a California corporation, formerly known as RNL LIFE SCIENCE, INC.; RNL BIO CO., LTD, a Korean corporation; JIN HAN HONG, an individual; JEONG CHAN RA, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. BC485103 <br><br> UNLIMITED CIVIL CASE <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1. Intentional Misrepresentation of Fact <br> 2. Negligent Misrepresentation of Fact <br> 3. False Advertising in Violation of California Business and Professions Code §17500 et Seq <br> 4. Unfair Competition in Violation of California Business and Professions Code §17200 et Seq. <br> 5. Financial Elder Abuse in Violation of Wel & Inst. Code Section 15610.30 et al. <br> 6. Negligence <br> 7. Breach of Implied Covenant of Good Faith and Fair Dealing |

1    Plaintiffs allege:

2    **GENERAL ALLEGATIONS**

3    1.    Plaintiff BEN HANG LEE, is, and at all times herein mentioned or relevant was,

4  an individual residing in Los Angeles County, California.

5    2.    Plaintiff EUN ZOO LEE, is, and at all times herein mentioned or relevant was, an

6  individual residing in Los Angeles County, California.

7    3.    Plaintiff WILLIAM LEE, is, and at all times herein mentioned or relevant was, an

8  individual residing in Los Angeles County, California.

9    4.    Plaintiff JUNG HUI LEE, is, and at all times herein mentioned or relevant was, an

10  individual residing in Los Angeles County, California.

11    5.    Plaintiff BRAD LEE, is, and at all times herein mentioned or relevant was, an

12  individual residing in Orange County, California.

13    6.    Plaintiff HELEN JU LEE, is, and at all times herein mentioned or relevant was, an

14  individual residing in Orange County, California.

15    7.    Plaintiffs are informed and believe and thereon allege that Defendant HUMAN

16  BIOSTAR, INC., formerly known as RNL LIFE SCIENCE, INC. ("RNL LIFE"), is, and at all

17  times mentioned herein was, a California corporation with its principal place of business at 3250

18  W. Olympic Boulevard, #225, City and County of Los Angeles, California.

19    8.    Plaintiffs are informed and believe and thereon allege that Defendant RNL BIO

20  CO., LTD ("RNL BIO"), is, and at all times mentioned herein was, a Korean corporation, a

21  publicly traded company, with its place of business at 3250 W. Olympic Boulevard, #225, City

22  and County of Los Angeles, California and in South Korea.

23    9.    Plaintiffs are informed and believe and thereon allege that Defendant JIN HAN

24  HONG ("HONG") is, and at all times mentioned herein was, an individual doing business in Los

25  Angeles County, California. Plaintiffs are further informed and believe and thereon allege that

26  Defendant HONG is a shareholder, director, and officer of RNL LIFE and RNL BIO.

27    10.    Plaintiffs are informed and believe and thereon allege that Defendant JEONG

28

1   CHAN RA ("RA") is, and at all times mentioned herein was, an individual residing in Korea, and

2   doing business in Los Angeles County, California.  Plaintiffs are further informed and believe

3   that RA is and was a veterinarian, and a majority shareholder, director and founder, and CEO of

4   both  RNL LIFE and RNL BIO.

5        11.    Whenever reference is made in this complaint to any act or transaction of a

6   defendant, such allegation shall be deemed to mean that said defendant and, if a business, its

7   officers, directors, employees, or representatives, did or authorized such acts while engaged in the

8   management, direction, or control of the affairs of the defendant and while acting within the

9   scope and course of their duties.

10       12.    Whenever reference is made in this complaint to any act of defendants, such

11  allegation shall be deemed to mean the act of each defendant acting individually and jointly with

12  the other defendants named in that cause of action.

13       13.    At all times mentioned herein, each defendant knew that the other defendants

14  were engaging in or planned to engage in the violations of law alleged in this complaint.  Each

15  defendant nevertheless intended to and did encourage, facilitate, or assist in the commission of

16  the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

17       14.    Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names.

18  Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities

19  are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities

20  herein.  Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named

21  defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiffs'

22  damages as herein alleged were proximately caused by Defendants' acts.

23       15.    The venue in this County and judicial district is proper because injury to person or

24  damage to personal property occurred here, the contract was entered into and to be performed in

25  this judicial district, and the breach of contract and tortious activities of the Defendants occurred

26  in this district.

27  ///

28

16.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each Defendant was the agent and employee of each other and in doing the things herein alleged was acting within the course and scope of such agency and with the permission and consent of each and every co-defendant.

## ALTER EGO LIABILITY

17.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned or relevant, there existed a unity of interest and ownership between individual Defendant RA and RNL LIFE such that any individuality and separateness between RA and RNL LIFE have ceased and corporate RNL LIFE is the alter ego of RA.  Plaintiffs are further informed and believe and thereon allege RNL LIFE is a mere shell, instrumentality, and conduit through which RA carried on his business without capital or assets, except as herein alleged, and was conceived, intended, and used by RA as a device to avoid individual liability and for the purpose of substituting a financially insolvent entities in his place.  Plaintiffs are further informed and believe and thereon allege that RNL LIFE was so inadequately capitalized that, compared with the business to be done as hereinafter alleged, and the risks of loss attendant thereon, capitalization was illusory.  Plaintiffs are further informed and believe and thereon allege that the activities and business of RNL LIFE were carried out without the holding of direct or  or shareholders  meetings, no records or minutes of any proceedings were maintained.  Plaintiffs are further informed and believe and thereon allege that RA completely controlled, dominated, managed, and operated RNL LIFE and commingled assets to suit his convenience, in particular by leaving RNL LIFE with insufficient income to satisfy its liabilities, all in order to avoid payment of the obligations owed to creditors of RNL LIFE.

18.    Adherence to the fiction of the separate existence of RNL LIFE as entities distinct from RA would permit an abuse of the corporate privilege and would sanction fraud or promote injustice and an inequitable result for Plaintiffs, as complained herein.

19.    Plaintiffs are further informed and believe and thereon allege that at all times herein mentioned or relevant, there existed a unity of interest and ownership between RNL LIFE

1   and RNL BIO such that any individuality and separateness between them have ceased and each

2   corporate Defendant is the alter ego of each of the other corporate Defendants.  Plaintiffs are

3   informed and believe and thereon allege that RNL LIFE and RNL BIO are, and at all times

4   mentioned herein were located and doing business out of the same location, that they were doing

5   business under same or similar trade name, that they use the same employees as one another, that

6   they are all controlled, dominated, managed, and operated by same individuals, and that they have

7   commingled their funds and/or assets.

8        20.    Adherence to the fiction of the separate existence of RNL LIFE and RNL BIO as

9   an entity distinct from each other would permit an abuse of the corporate privilege and would

10  sanction fraud or promote injustice and an inequitable result for Plaintiffs, as complained herein.

11                          **NATURE OF THE ACTION**

12       21.    This action arises from a scheme by which Defendants defrauded elderly Plaintiffs

13  through false representations that experimental stem cell therapy, which is not approved in the

14  United States and South Korea as an acceptable method of medical treatment, would cure not

15  only all known ailments, but also would reverse aging, thereby improve overall health and quality

16  of life and prevent future illness.

17       22.    The stem cell therapy Plaintiffs allegedly underwent in the instant action is

18  commonly known as autologous stem cell transplant, in which patient's own healthy stem cells,

19  which are harvested from a patient, and separated and cultured in a laboratory, are infused and

20  injected back to the same patient.

21       23.    At various times in late 2009 and 2010, Plaintiffs, jointly and severally attended

22  workshops and meetings hosted by Defendants, wherein Defendant HONG was the host and

23  presenter.  Defendant HONG stated that he was a Ph. D. and officer of corporate defendants, and

24  Plaintiffs believed that Defendant HONG was a medical doctor.

25       24.    At these workshops and meetings, Defendants explained, by video presentations

26  and through oral representations by Defendant HONG that Plaintiffs' own stem cell would be

27  extracted from Plaintiffs' body, typically from Plaintiffs' abdominal area, then the cell would be

28

1    transported to Defendants' laboratory in Korea.  In the laboratory, Defendants would separate

2    young and healthy cells from old, defective and unhealthy cells.   Only these young and healthy

3    cells would then be cultured, treated, grown and multiplied, and infused and injected back to

4    Plaintiffs.

5         25.    Plaintiffs were told that, with any patient's cells, Defendants would separate young

6    and healthy cells showing the potency of those of a healthy person in his or her twenties and

7    thirties from cells that are older.  In fact, Plaintiffs were told that every patient's stem cells, even

8    cells of patients as old as Plaintiffs, some of whom were in their mid 70's, contain some young

9    and healthy cells that are as young, healthy and potent as those found in their twenties and

10   thirties.  Defendants further stated that only these young cells would be cultured, treated, grown

11   and multiplied under specific conditions. Then millions and millions of these young cells would

12   be injected and infused back into the same Plaintiff.

13        26.    Defendants represented that, once infused and injected, these young cells would

14   circulate within the Plaintiffs' body until these cells find weak, old, damaged, diseased, defective,

15   and/or unhealthy cells anywhere in the body, including the skin.  Then these young cells would

16   replace such sick and damaged cells, and would start regenerating and multiplying themselves.

17        27.    Defendant HONG, who hosted these workshops and meetings, represented

18   that the therapy would cure all ailments, such as diabetes, arthritis, high blood pressure, back pain

19   and even insomnia that Plaintiffs were then suffering from.

20        28.    Defendant HONG, represented that the treatment would not only cure any and all

21   ailments, but also prevent any future illness and ailments from occurring in the first place, by

22   turning back the clock.  By replacing old cells with young and healthy cells, the therapy would

23   reverse aging, restore health and virility including sex drive, and rejuvenate their skin and body

24   functions to that of their twenties and thirties.

25        29.    Defendants further represented that the treatment is completely safe and risk free

26   without any side effects or allergic reactions, since patient's own cells are transplanted back to the

27   same patient.  Defendants did not disclose any potential side effects and risks involved in the

28

1   treatment at all.

2       30.    At these workshops and meetings, Plaintiffs were shown video presentation of

3   testimonials of various individuals who went through successful stem cell treatment for various

4   ailments.

5       31.    Plaintiffs were also provided brochures which state that RNL BIO is the "World

6   No. 1 Stem Cell Company." They further states that "RNL BIO is right in the center of medical

7   technology revolution, Stem Cell." The brochures also state that Defendants have established and

8   are operating hospitals in various cities in China specializing in stem cell treatment. They also

9   state that RNL BIO established RNL LIFE in Los Angeles for overseas marketing and overseas

10  patient procurement.   They further provide case studies of patients whose ailments were

11  successfully cured using stem cell treatment.

12      32.    Defendants also provided a website address, which shows a lot of the same

13  information as the brochures, wherein Defendants boast an annual income in millions with a

14  graph showing a rapid year by year increase in the income generated from what Defendants call a

15  "medical tourism" business.

16      33.    Defendants advertised and solicited from mostly elderly and infirm patients.

17  Except for Plaintiff HYUN JU LEE, all Plaintiffs were well over 65 years of age at all times

18  mentioned herein or relevant.

19      34.    Plaintiffs are informed, believe and therefore allege that stem cell therapy itself,

20  and transportation of stem cells cultured, treated, grown, and manipulated in a laboratory, as in

21  the instant case, is unlawful both in the United States and Korea.

22      35.    Plaintiff, Brad Lee, was injected with stem cells in Korea, despite the fact that it is

23  prohibited in Korea. After the injection, Plaintiff Brad Lee was told by Defendants not to reveal

24  to anyone the fact that his treatment was performed in Korea.

25      36.    Except for one incident involving Brad Lee, Plaintiffs were infused and injected

26  with the blood cells in China or Mexico. Plaintiffs are informed, believe and therefore allege that

27  such treatments in China and Mexico were performed by unqualified individuals without proper

28

1 licenses, permits, training, or supervision.

2      37.     Stem cell treatment is still in the clinical and experimental stage, *i.e.,* scientists

3 have not conducted enough research to conclusively know what works, doesn't work and what

4 the side effects are. It is in fact shown to have many side effects including increased risks of

5 cancer, blood clots, serious illness, infection, and even death in some cases.

6                                **PLAINTIFFS' TREATMENT**

7      38.     At various times in 2009 and 2010, Defendants harvested body fat from Plaintiffs'

8 abdominal area.

9      39.     Plaintiff BEN HANG LEE was, and is, suffering from diabetes. He paid $15,000

10 for the treatment. He received intravenous infusion on two occasions, on or about July 31, 2010

11 and September 30, 2010, both in Tijuana, Mexico. His condition has worsened.

12     40.     Plaintiff EUN ZOO LEE was, and is, suffering from insomnia, and minor

13 discomfort on her left knee. She paid $15,000 for the treatment. She received intravenous

14 infusion on two occasions, on or about July 31, 2010 and September 30, 2010, both in Tijuana,

15 Mexico. She also received injection of the stem cells in her left knee on or about September 30,

16 2010. Her condition has worsened.

17     41.     Plaintiff WILLIAM LEE was, and is, suffering from diabetes and back pain. He

18 paid $7,500 for the treatment. He received intravenous infusion on or about January 5, 2010 in

19 China. His condition did not improve at all.

20     42.     Plaintiff JUNG HUI LEE was, and is, suffering from insomnia, and minor

21 discomfort on her right knee. She paid $15,000 for the treatment. She received intravenous

22 infusion on or about January 5, 2010 in China. She also received intravenous infusion and

23 injection in her right knee on or about September 30, 2010 in Mexico. Immediately after

24 receiving injection in her right knee, she developed an excruciating pain on her right knee that

25 lasted for weeks, and she had to be on a wheel chair during that time.

26      In or around November, 2010, a settlement was reached between Plaintiff JUNG HUI

27 LEE and Defendants. The settlement is unfair, unduly oppressive, unreasonable and

28

1  unconscionable in that it is not commensurate with Plaintiff JUNG HUI LEE's physical and

2  mental pain and suffering. Also the settlement was not a result of fair and good faith negotiation

3  in that Plaintiff JUNG HUI LEE was hurried into executing the agreement written in English

4  without fully understanding its terms.

5       43.    Plaintiff BRAD LEE was, and is, suffering from acute arthritis on his left knee,

6  and diabetes. He paid $15,000 for the treatment. He received intravenous infusion and injection

7  in his left knee on or about September 1, 2009 in Korea, and on or about September 30, 2010 in

8  Mexico. His condition has worsened.

9       44.    Plaintiff HELEN JU LEE was, and still is, suffering from high blood pressure.

10  She paid $7,500 for the treatment. She received intravenous infusion on or about September 30,

11  2010 in Mexico. Her condition did not improve at all.

12       45.    Other than extraction of fat cells, and infusion and injection of cells back into

13  Plaintiffs, Plaintiffs were not provided with any care, information, assistance, or instruction

14  regarding pre and/or post treatment and care whatsoever, even though Plaintiffs repeatedly

15  demanded and requested such care and information.

16       **TRANSPORTATION AND STORAGE OF STEM CELLS**

17       46.    Plaintiffs are informed, believe and thereon allege that stem cells must be stored

18  and maintained in certain temperature and under certain conditions to maintain their potency,

19  quality, freshness, and health.

20       47.    Plaintiffs are informed, believe and thereon allege that Plaintiffs' stem cells were

21  transported into Korea and out of Korea in containers and under conditions not suitable for such

22  transportation by individuals who were neither qualified nor trained to transport the stem cells.

23       48.    In fact, the stem cells that were administered into Plaintiffs in Mexico were

24  transported from Korea to China and then to Mexico through Los Angeles in the course of a few

25  days during the hot summer in high temperature.

26       49.    Despite the lengthy, unsanitary, and unsuitable transportation, Defendants

27  did not perform any tests on the stem cells to ascertain their quality and freshness prior to

28

1   administering them into Plaintiffs in Mexico.

2       50.   Defendants are informed, believe and thereon allege that the stem cells that were

3   injected and infused in Mexico were stale, which caused severe infection in Plaintiff JUNG HUI

4   LEE, and caused other Plaintiffs' ailments to worsen.

5       51.   Plaintiffs are further informed, believe and thereon allege that the individuals who

6   administered the stem cells in Korea, China and Mexico were neither trained nor qualified to do

7   so.

8                        **FIRST CAUSE OF ACTION**

9                  (Fraud-Intentional Misrepresentation of Fact)

10      52.   Plaintiffs incorporate paragraphs 1 through 51, inclusive, as though fully set forth

11  herein.

12      53.   Plaintiffs are informed and believe and thereon allege that when Defendants made

13  the representations as detailed in paragraphs 24 through 30, they knew them to be false in that the

14  stem cell treatment is only in the experimental stage, not approved in the United States and

15  Korea, and there is no scientific data or evidence that stem cell treatment would cure all ailments,

16  or any specific ailments that Plaintiffs were then and are now suffering from. Defendants further

17  knew that there is no scientific data or evidence that stem cell treatment would reverse aging,

18  restore virility, and therefore prevent future illness. Furthermore, Defendants intentionally

19  concealed risks involved with the treatment, or the fact that the risk is largely unknown due to

20  lack of clinical data. Defendants made such representations as alleged herein with the intention

21  to induce Plaintiffs to undergo the treatment in reliance on such representations, or with the

22  expectation that Plaintiffs would so act.

23      54.   Plaintiffs, at the time these representations were made, were ignorant of the falsity

24  of Defendants' representations, and believed them to be true and reasonably relied on them. In

25  reasonable reliance on these representations, Plaintiffs paid large sums of money to undergo the

26  treatment at great expense and discomfort. Had Plaintiffs known the actual facts, they would not

27  have taken such actions.

28

55.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs have been damaged in an amount to be proven at trial.

56.     The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention of depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

57.     The written agreements between Plaintiffs and Defendants provide for costs and attorneys' fees for prevailing party in the event of a dispute. In addition to the damages set forth above, Plaintiffs are therefore entitled to an award of costs and reasonable attorneys' fees for the prosecution of this action.

<u>**SECOND CAUSE OF ACTION**</u>

<u>(Negligent Misrepresentation of Fact)</u>

58.     Plaintiffs incorporate paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.     To the degree that the representations referred to in paragraphs 24 through 30 were not intentional misrepresentations of material facts, Defendants had no reasonable basis to believe such facts to be true and had a duty to disclose the true facts.

60.     Defendants made such representations as alleged herein with the intention to induce Plaintiffs to undergo the treatment in reliance on such representations, or with the expectation that Plaintiffs would so act.

61.     Plaintiffs, at the time these representations were made, were ignorant of the falsity of Defendants' representations, and believed them to be true and reasonably relied on them. In reasonable reliance on these representations, Plaintiffs paid large sums of money to undergo the treatment at great expense and discomfort. Had Plaintiffs known the actual facts, they would not have taken such actions.

///

1    62.    As a proximate result of the fraudulent conduct of Defendants as herein alleged,

2    Plaintiffs have been damaged in an amount to be proven at trial.

3    63.    The written agreements between Plaintiffs and Defendants provide for costs and

4    attorneys fees for prevailing party in the event of a dispute.  In addition to the damages set forth

5    above, Plaintiffs are therefore entitled to an award of costs and reasonable attorneys' fees for the

6    prosecution of this action.

7                          **THIRD CAUSE OF ACTION**

8    (False Advertising in Violation of California Business and Professions Code §17500 et seq)

9    64.    Plaintiffs incorporate paragraphs 1 through 63, inclusive, as though fully set forth

10   herein.

11   65.    Defendants' conduct (including both acts and omissions) as alleged herein, was

12   and is false or misleading advertising which is likely to, and has, caused deception of the general

13   public, and constitutes a violation of the Unfair Competition law, codified in Business &

14   Professions Code Section 17500, et seq.  Among other things, such conduct is deceptive and

15   injures consumers as well as Plaintiffs.

16   66.    Plaintiffs have no adequate remedy at law for the injuries caused by Defendants'

17   conduct, acts, and omissions, and the general public will be irreparably harmed if such acts and

18   omissions are not enjoined.  Plaintiffs are entitled to injunctive relief to prohibit these acts and

19   omissions and/or continued threatened acts of Defendants, to prevent such irreparable harm from

20   happening in the future.

21   67.    As a result of Defendants' conduct, acts and omissions, Plaintiffs are entitled to

22   equitable restitution of any and all profits, revenues, compensation or other payments obtained by

23   Defendants as a result of their acts of false advertising.

24   68.    Plaintiffs are entitled to the recovery of their attorneys fees in this action.

25                          **FOURTH CAUSE OF ACTION**

26   (Unfair Competition in Violation of California Business and Professions Code §17200 et Seq.)

27   69.    Plaintiffs incorporate paragraphs 1 through 68, inclusive, as though fully set forth

28

---

1  herein.

2        70.    The acts of Defendants alleged above constitute unfair competition in that such

3  acts are unlawful, unfair or fraudulent business practices and are unfair, deceptive, untrue, or

4  misleading advertising and promotion that is prohibited by Section 17200, et seq., including

5  Section 2052 of the California Business & Professions Code, which prohibits practice of

6  medicine without a certificate, and Section17500 of the California Business & Professions Code.

7        71.    Plaintiffs have no adequate remedy at law and is presently suffering irreparable

8  injury by and through Defendants' actions.

9        72.    Defendants' acts of unfair competition will be ongoing unless enjoined by this

10  Court, and unless the Court makes such orders as are necessary to prevent the use or employment

11  by Defendants of any act which constitutes unfair competition, or as may be necessary to restore

12  to Plaintiffs any money which may have been acquired by Defendants by means of such unfair

13  competition.

14        73.    Plaintiffs are entitled to the recovery of their attorneys fees and costs pursuant to

15  Business and Professions Code §17200.

16                      **FIFTH CAUSE OF ACTION**

17        (Financial Elder Abuse in Violation of Wel & Inst. Code Section 15610.30 et al.)

18        74.    Plaintiffs incorporate paragraphs 1 through 73, inclusive, as though fully set forth

19  herein.

20        75.    Defendants obtained personal property, to wit - money, from Plaintiffs.

21        76.    Plaintiffs, except for HYUN JU LEE, were well over 65 years of age at the time

22  of the conduct alleged in this complaint.

23        77.    Defendants knew or should have known that such taking was likely to be harmful

24  to Plaintiffs.

25        78.    As a direct and proximate result of such conduct, Plaintiffs were harmed and

26  suffered damages in an amount to be proven at trial.

27  ///

28

79.     In addition to the financial loss, as a direct and proximate result of Defendants' conduct, Plaintiffs endured pain and suffering including emotional distress, nervousness, distraction, loss of sleep, and humiliation.

80.     Defendants' conduct was done with recklessness, oppression, fraud, and malice in that Defendants knew such conduct was wrongful, knew it was likely to damage Plaintiff, and used fraud and deceit to carry out the conduct, so as to justify an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

#### (Negligence)

81.     Plaintiffs incorporate paragraphs 1 through 80, inclusive, as though fully set forth herein.

82.     At all times mentioned and relevant herein, Defendants and each of them owed Plaintiffs a duty of care to exercise reasonable skill and care in performance of their duties.  They knew or should have known that failure to exercise their duty of care would cause harm to Plaintiffs.

83.     Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, violated their duty of care to Plaintiffs and failed to exercise ordinary care in harvesting, culturing, growing, storing, transporting, and administering the stem cells.

84.     As a result of Defendants' negligence, Plaintiffs have been damaged.  The exact and precise amounts of such damage is unknown at the present time, and Plaintiffs will amend this complaint when the exact amount is ascertained.

### SEVENTH CAUSE OF ACTION

#### (Breach of Implied Covenant of Good Faith and Fair Dealing)

85.     Plaintiffs incorporate paragraphs 1 through 84, inclusive, as though fully set forth herein.

86.     The above-referenced agreements and transactions between Plaintiffs and Defendants contain an implied covenant of good faith and fair dealing which obligates each party

1   from refrain from acting in any way that could jeopardize, impair, or interfere with the rights of

2   the other party to receive the benefits of said agreements and transactions.

3       87.     Defendants materially breached the covenant of good faith and fair dealing

4   implied in the above-referenced agreements and transactions by, among other things, engaging in

5   the wrongful acts and omissions described above, including but not limited to their above-

6   referenced fraudulent conduct.

7       88.     Plaintiffs have performed all conditions, covenants, and promises required on

8   their part to be performed in accordance with the terms and conditions of the above-referenced

9   agreements, except those waived, excused, or rendered impossible by Defendants' material

10  breaches thereof.

11      89.     As a direct and proximate result of Defendants' material breach of the implied

12  covenant of good faith and fair dealing, Plaintiffs have suffered damages in an amount to be

13  proven at trial, plus interest thereon at the legal rate, attorney's fees and costs.

14      90.     Plaintiffs are informed and believe and thereon allege that Defendants, and each

15  of them, were and are guilty of fraud, malice and oppression, in that, *inter alia*, Defendants

16  intentionally engaged in the conduct described herein either for the purpose of injuring Plaintiffs

17  or, in the alternative, acted in such conscious disregard of Plaintiffs' rights that by reason thereof,

18  Plaintiffs are entitled to recover punitive damages for the sake of example, and by way of

19  punishing said Defendants, in an amount to be determined at trial.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1   **WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as

2   follows:

3   <u>AS TO THE FIRST, FIFTH AND SEVENTH CAUSES OF ACTION</u>

4       1.    For punitive damages in an amount appropriate to punish Defendants and deter

5   others form engaging in similar misconduct;

6   <u>AS TO THIRD AND FOURTH CAUSES OF ACTION</u>

7       2.    Injunctive relief enjoining Defendants from fraudulent acts alleged in the

8   complaint;

9       3.    Restitution and disgorgement of profit according to proof at trial;

10  <u>AS TO ALL CAUSES OF ACTION</u>

11      4.    For compensatory damages according to proof at trial;

12      5.    For costs of suit incurred herein;

13      6.    For attorneys' fees according to proof;

14      7.    For such other and further relief as the court deems just and proper.

15  Dated: May 11, 2012                 LAW OFFICES OF SANG LEE & ASSOCIATES

16

17                                By:

18                                SANG I. LEE
                              Attorneys for Plaintiffs

19                                BEN HANG LEE; EUN JOO LEE;
                              WILLIAM LEE; JUNG HUI LEE; BRAD D.
                              LEE; HELEN JU LEE

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** HUMAN BIOSTAR, INC., a California
**(AVISO AL DEMANDADO):** corporation, formerly known as
RNL LIFE SCIENCE, INC.; RNL BIO CO., LTD, a Korean
corporation; JIN HAN HONG, an individual; JEONG CHAN
RA, an individual; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** BEN HANG LEE, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individual; EUN JOO
LEE, an individual; WILLIAM LEE, an individual; JUNG HUI
LEE, an individual; BRAD LEE, an individual; HELEN JU LEE,
an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 21 2012

John A. Clarke, Executive Officer/Clerk

BY _____ , Deputy
Rugena Juliano

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior court for the State of California<br>111 North Hill Street<br><br>Los Angeles, CA 90012 | BC485103 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sang I. Lee, SBN 201874                    (323) 653-6817      (323) 653-6715
Law Offices of Sang I. Lee
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211

DATE: MAY 21 2012                John A. Clarke      Clerk, by _____ , Deputy
*(Fecha)*                        *(Secretario)*      Rugena Juliano   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

# EXHIBIT C

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Sang I. Lee, SBN 201874<br>**Law Offices of Sang I. Lee**<br>8383 Wilshire Boulevard, Suite 510<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: (323)653-6817  FAX NO.: (323)653-6715<br>ATTORNEY FOR *(Name):* Plaintiffs Ben Hang Lee, et al. | *FOR COURT USE ONLY*<br>**CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 2 1 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Regina Milano |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:  LEE, et al. v. HUMAN BIOSTAR, INC., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC485103**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [x] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):* Seven (7).  Fraud, False Advertising, Elder Abuse, etc.

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2012

Sang I. Lee, SBN 201874
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL:

STATE BAR NUMBER:

Reserved for Clerk's File Stamp

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
    Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                            ☐ Neutral Evaluation

☐ Arbitration (non-binding)            ☐ Settlement Conference

☐ Arbitration (binding)                ☐ Other ADR Process (describe): _____

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

| Dated ____ | Name of Stipulating Party<br>☐ Plaintiff     ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (new)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
    (INSERT DATE)       (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____           ➤  _____
       (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):           FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11                **STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR_____)

➤ (ATTORNEY FOR_____)

➤ (ATTORNEY FOR_____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):               FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| SANG I. LEE                    SBN: 201874 | |

8383 WILSHIRE BLVD., #510  BEVERLY HILLS, CA 902110000

TELEPHONE NO.: **(323) 653-6817**          FAX NO. *(Optional)*:   **(323) 653-6715**

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:  **Plaintiff:**

**Los Angeles County Superior Court - Stanley Mosk**

STREET ADDRESS: **111 N. Hill St.**

MAILING ADDRESS:

CITY AND ZIP CODE: **Los Angeles, CA 90012**

BRANCH NAME: **Central**

| PLAINTIFF/PETITIONER:  **LEE** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  **HUMAN BIOSTAR, INC.**, et al. | **BC485103** |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*:
      **Civil Case Cover Sheet; Civil Case Cover Sheet Addendum & Statement of Location; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations Packet**

3. a. Party served *(specify name of party as shown on documents served)*:
      **HUMAN BIOSTAR, INC., a California corporation, formerly known as RNL LIFE SCIENCE, INC.**

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      **JEONG-CHAN RA - PRESIDENT**

4. Address where the party was served:
      **3250 W. OLYMPIC BLVD., STE. 225
      LOS ANGELES, CA 90006**

5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:      (2) at *(time)*:

   b. ☒ by substituted service. On *(date)*: **5/31/2012** at *(time)*: **3:41 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b)*:
      **"JANE DOE" (refused to give name) - MANAGER**

      | Age: 34 | Weight: 140 | Hair: blk | Sex: female |
      |---|---|---|---|
      | Height: 5'7" | Eyes: brn | Race: Asian | Marks: |

      (1) ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:     from *(city)*:      or ☒ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Code of Civil Procedure, § 417.10

POS010-1/LA205211053

| PETITIONER: LEE | CASE NUMBER: |
| --- | --- |
| RESPONDENT: HUMAN BIOSTAR, INC., et al. | BC485103 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **HUMAN BIOSTAR, INC., a California corporation, formerly known as RNL LIFE SCIENCE, INC.**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**
    a. Name: **Robert Hall - Janney & Janney Attorney Service, Inc.**
    b. Address: **1545 Wilshire Blvd., Suite 311  Los Angeles, CA 90017**
    c. Telephone number: **(213) 628-6338**
    d. The fee for service was: $ **25.00**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server.    ☒ **independent contractor.**
            (i) ☐ owner     ☐ employee
            (ii) Registration No.: **6932**
            (iii) County: **Los Angeles**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **June 11, 2012**

**Janney & Janney Attorney Service, Inc.**
**1545 Wilshire Blvd., Suite 311**
**Los Angeles, CA 90017**
**(213) 628-6338**

_____       _____
          **Robert Hall**                                  (SIGNATURE)
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>SANG I. LEE                                                SBN: 201874<br>TURNER, AUBERT & FRIEDMAN, LLP<br>8383 WILSHIRE BLVD., #510   BEVERLY HILLS, CA 902110000 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (323) 653-6817            FAX NO.*(Optional)*:   (323) 653-6715<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff: | |

| Los Angeles County Superior Court - Stanley Mosk | |
|---|---|
| STREET ADDRESS: 111 N. Hill St. | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Central | |

| PLAINTIFF/PETITIONER:  LEE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  HUMAN BIOSTAR, INC., et al. | BC485103 |

| PROOF OF SERVICE BY MAIL | Ref. No. or File No.: |
|---|---|

I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1545 Wilshire Blvd., Los Angeles, CA 90017.

On June 08, 2012, after substituted service under  section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

   Summons;Complaint;Alternative Dispute (ADR) package;Civil Case Cover Sheet; Civil Case Cover Sheet Addendum & Statement of Location; Notice of Case Assignment; Voluntary Efficient Litigation Stipulations Packet

to the defendant in said action by placing a true  copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at LOS ANGELES, California, addressed as  follows:

   HUMAN BIOSTAR, INC., a California corporation, formerly known as RNL LIFE SCIENCE, INC.
   ATTENTION: JEONG-CHAN RA - PRESIDENT
   3250 W. OLYMPIC BLVD. STE. 225
   LOS ANGELES, CA 90006

I am readily familiar with the firm's practice for  collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage   thereon fully prepaid at LOS ANGELES, California in the ordinary course of  business.

Fee for Service: 25.00

Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  June 11, 2012.

Signature: _K. Alexanian II_

K. Alexanian II

## PROOF OF SERVICE BY MAIL

Order#: LA205211053 /mailproof

# EXHIBIT E

NOTICE SENT TO:

Lee, Sang I., Esq.
Law Office of Sang I. Lee
8383 Wilshire Blvd., Suite 510
Beverly Hills,         CA  90211

CONFORMED COPY
ORIGINAL FILED
FILED
Superior Court of California
County of Los Angeles

MAY 29 2012

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| BEN HANG LEE ET AL          Plaintiff(s), | | BC485103 |
| VS. | | |
| HUMAN BIOSTAR INC ET AL          Defendant(s). | | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  September 14, 2012  at  8:30 am  in  Dept. 55  at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: May 29, 2012                                                    M. H. MACKEY
                                                                      Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ v/ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: May 29, 2012                              John A. Clarke, Executive Officer/Clerk

                                                by  L. Gomez  , Deputy Clerk

LACIV 132 (Rev. 09/07)                                          Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                            LASC Local Rules, Chapter Seven

# EXHIBIT F

**DECLARATION OF JIN HAN HONG**

I, Jin Han Hong, declare as follows:

1.    I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.    I am the Chief Operating Officer of Human Biostar, Inc., which is a Texas Corporation with its headquarter and principal place of business in Sugar Land, Texas.

3.    I am a citizen of South Korea lawfully admitted for permanent residence in the United States.  I reside in the state of Maryland with the intention of remaining a resident in the state of Maryland.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 27, 2012, at Seoul, SouthKorea.

_____
Jin Han Hong

1

# EXHIBIT G

**DECLARATION OF JEONG CHAN RA**

I, Jeong Chan Ra, declare as follows:

1.      I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.      I am the Chairman of the Board of RNL Bio Co., Ltd., which is a South Korean Corporation with it headquarter and principal place of business in Seoul, South Korea.

3.      I am a citizen and resident of South Korea.  I do not have permanent resident status in the United States and do not maintain a residence in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 28, 2012, at Seoul, South Korea.

_____
Jeong Chan Ra

2888885.1

1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561.

On June 29, 2012, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION** on the interested parties in this action as follows:

> Sang I Lee
> Law Offices of Sang I. Lee
> 8383 Wilshire Blvd., Suite 510
> Beverly Hills, CA  90211

**BY MAIL:**  By placing a true copy thereof in a sealed envelope addressed to the parties listed above and causing it to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with our firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and of my own personal knowledge.

Executed on June 29, 2012, at Los Angeles, California.

Diane Hunsaker

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV12- 5668 MWF (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Ben Hang Lee; Eun Joo Lee; William Lee; Jung Hui Lee; Brad Lee; and Helen Ju Lee | Human Biostar, Inc.; RNL Bio Co., Ltd.; Jin Han Hong; and Jeong Chan Ra |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Sang I. Lee - (323) 653-6817<br>Law Offices of Sang I. Lee<br>8383 Wilshire Blvd, Ste. 510, Bevery Hills, CA 90211 | Ekwan E. Rhow, Karis A. Chi - (310) 201-2100<br>Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C.<br>1875 Century Park East, 23rd Floor, Los Angeles, CA 90067<br>Attorneys for defendant Human Biostar, Inc. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☒3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ over $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1332 (diversity jurisdiction); statutory and common law claims in connection with medical treatments outside United States.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV12 05668

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　　 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　　 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　　 ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maryland; Texas; South Korea |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | South Korea, China, Mexico |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date June 29, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |